# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                                              |   |                |
|----------------------------------------------|---|----------------|
| JOHN J. DOMBROWKI, JR.,                      | : |                |
|                                              | : | CIVIL ACTION   |
| Plaintiff,                                   | : |                |
| v.                                           | : | NO. 18-5336    |
|                                              | : |                |
| ANDREW M. SAUL[1], COMMISSIONER OF SOCIAL SECURITY, | : |                |
|                                              | : |                |
| Defendant.                                   | : |                |

Henry S. Perkin, M.J.                                                                 January 30, 2020

## **MEMORANDUM**

John Dombrowski ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his claim for Child's Insurance Benefits and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. In his request for review, Plaintiff raises four claims, one which is premised on *Lucia v. Securities and Exchange Commission,* 138 S. Ct. 2044 (2018), that the administrative law judge ("ALJ") who decided his case was not appointed in compliance with the Appointments Clause of the U.S. Constitution. Pl.'s Br. and Statement of Issues in Support of Request for Review, pp. 6-7; Pl.'s Reply Br. at 1-8 (ECF Nos. 14, 20). The Defendant argues that Plaintiff forfeited this claim by not challenging the ALJ's appointment in the agency proceeding. Def. Br. at 5-16 (ECF No. 17). After careful review, and following the Third Circuit decision on January 23, 2020 in *Cirko v. Comm'r of Soc.*

---

[1] On June 17, 2019, Andrew M. Saul was sworn in as the Commissioner of the Social Security Administration and, therefore, he should be automatically substituted as the Defendant in this action. See Fed. R. Civ. P. 25(d).

*Sec.* and *Bizarre v. Comm'r of Soc. Sec.*, ___ F.3d ___, 2020 WL 370832 (3d Cir. Jan. 23, 2020), and for the reasons set forth below, the Court finds that the ALJ was improperly appointed under the Constitution and Plaintiff did not forfeit his Appointments Clause claim. Therefore, Plaintiff's request for review is granted, and this matter will be remanded to the Commissioner for further proceedings in accordance with the following memorandum.

I. **BACKGROUND**

Plaintiff filed for Supplemental Security Income ("SSI") benefits on November 2, 2015, alleging disability since November 2, 2015. (Tr. 89-99, 179-185, 329-331.) At the hearing level, pursuant to an informed consultation with his attorney, Plaintiff amended his alleged onset date to May 10, 2004. (Tr. 30, 397.) Plaintiff asserted that he became disabled on that date due to Attention Deficit Hyperactivity Disorder (ADHD), Dyslexia, Oppositional Defiant Disorder (ODD), Tourette's Syndrome, and Post Traumatic Stress Disorder. (Tr. 30, 89, 340.) Plaintiff also filed for Child's Insurance Benefits on June 21, 2017, the day of the ALJ hearing. (Tr. 49, 202-207, 397.)[2]

Plaintiff's application for SSI was denied at the initial level on January 21, 2016 (Tr. 89-99, 100-104.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on April 4, 2016, however, as the request was untimely, he was required to file a statement on April 29, 2016 showing good cause for the late filing. (Tr. 106-108, 125-126.) A hearing was held before ALJ Jennifer Spector on June 24, 2017, and Plaintiff, represented by counsel, appeared and testified. (Tr. 46-88.) On October 30, 2017 ALJ Spector issued an unfavorable

---

[2] The ALJ's decision notes that "On April 14, 2016, the claimant filed an application for child's insurance benefits based on disability." (Tr. 30.) This is not, however, supported in the record. According to the record, the application for child's insurance benefits was filed on June 21, 2017, the date of the hearing. (Tr. 49, 202-207, 397.) Nonetheless, it appears from the ALJ's decision that the judge addressed both the application for SSI, filed November 2, 2015, and the application for child's insurance benefits, filed June 21, 2017. (Tr. 42.)

decision, finding that Plaintiff was not disabled.  (Tr. 42.)  The Appeals Council denied Plaintiff's request for review on May 4, 2018. (Tr. 15-20.)  Thus, the ALJ's decision became the final decision of the agency.

Plaintiff initiated a civil action on December 11, 2018, seeking judicial review of the Commissioner's decision. (ECF No. 2.)  Plaintiff's request for review was filed June 4, 2019. (ECF No. 14.)  The Commissioner filed his response on August 21, 2019, and Plaintiff filed a reply brief on September 3, 2019.  (ECF Nos. 17, 20.) The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c), including entry of final judgment.  *See* ECF No. 3, ¶ 2 (Notice of Commissioner's General Consent); ECF No. 6 (Plaintiff's Consent Form).

**II.     DISCUSSION**

Plaintiff's Appointments Clause challenge is that the ALJ did not have the authority to issue a disability determination because she was an inferior officer not appointed pursuant to the Constitution.  Plaintiff's argument is based upon the Supreme Court's decision in *Lucia v. SEC*, 138 S.Ct. 2044 (2018), that ALJs in the Securities and Exchange Commission ("SEC") exercised "significant discretion" in carrying out "important functions" and were therefore required under the Appointments Clause, U.S. Const. art. II, § 2, cl. 2, to be appointed by the President, a court of law, or a head of department.  *Id.* at 2053 (citation omitted).  Because the SEC ALJs were not so appointed, the petitioner there was entitled to a new hearing before a different constitutionally appointed ALJ.  *Id.* at 2055.  The Court held that Lucia's argument was timely because it was raised on appeal before the Commission, in the Court of Appeals and before the Supreme Court. *Id.* at 2049, 2055.

When *Lucia* was decided on April 23, 2018, SSA ALJs were appointed from a pool of applicants maintained by the Office of Personnel Management. *Menoken v. McGettigan*, 273 F.Supp.3d 188, 192 (2017). Following the *Lucia* decision, the President signed an Executive Order on July 10, 2018 directing the hiring of ALJs by individual agencies and not the OPM central pool. Exec. Order No. 13, 843, 83 Fed, Reg. 32755 (July 10, 2018). That Order prospectively changed the appointment process of ALJs, but did not affect the status of previously appointed ALJs. *Id.* In response to *Lucia*, the Acting Commissioner of Social Security reappointed the Agency's administrative judges under her own authority on July 16, 2018.

Certain disability claimants were challenging the Social Security Agency's denial of their claims in District Court when *Lucia* was decided, and although they had not previously raised an Appointments Clause claim, they immediately demanded new hearings on the ground that the Agency's ALJs were unconstitutionally appointed. Because neither the Supreme Court nor the Third Circuit had addressed whether the *Lucia* decision was applicable to Social Security ALJs, courts within this Circuit were divided on this issue. The Third Circuit recently held, however, that Social Security disability claimants may raise Appointments Clause challenges in federal court without having exhausted those claims before the Agency.[3] The Court remanded the cases for hearings before constitutionally appointed ALJs other than those who presided over the claimants' first hearings. *See Cirko v. Comm'r of Soc. Sec.* and *Bizarre v. Comm'r of Soc. Sec.*, --- F.3d ---, 2020 WL 370832 (3d Cir. Jan. 23, 2020).

---

[3] The Court limited its decision to issue exhaustion of Appointments Clause challenges. *See Cirko v. Comm'r of Soc. Sec.* and *Bizarre v. Comm'r of Soc. Sec.*, --- F.3d ---, 2020 WL 370832, at *1 n.3 (3d Cir. Jan. 23, 2020).

Like the claimants in *Cirko* and *Bizarre*, Plaintiff presented his Appointments Clause claim to this Court at the first briefing opportunity after *Lucia* was decided. The remedy for an Appointments Clause violation is a new hearing before a properly appointed ALJ other than the ALJ who decided Plaintiff's case. *Id.* Plaintiff's remaining three claims in this appeal will not be addressed because the improperly-appointed ALJ was powerless to resolve those claims. *Lucia*, 138 S.Ct. at 2055. Accordingly, by an implementing Order that follows, Plaintiff's case will be remanded for assignment to a different, constitutionally appointed ALJ to hold a new hearing and issue a Decision.